# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR PENA ALCAZAR,<br><br>                    Petitioner,<br><br>        v.<br><br>WARDEN OF THE CALIFORNIA CITY<br>DETENTION FACILITY, et al.,<br><br>                    Respondents. | Case No. 1:26-cv-00876-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO<br>DISMISS PETITION FOR WRIT OF<br>HABEAS CORPUS AS MOOT AND DENY<br>RESPONDENTS' MOTION TO DISMISS<br>AS MOOT<br><br>(ECF Nos. 1, 11) |

Petitioner is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On February 2, 2026, Petitioner filed a petition for writ of habeas corpus raising a prolonged detention due process claim and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On February 6, 2026, the assigned district judge denied the motion for TRO as untimely, appointed counsel for Petitioner, and ordered that Respondents shall not remove Petitioner from the United States nor transfer him out of the district. (ECF No. 7.) On March 6, 2026, Respondents filed a motion to dismiss the petition because Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." (ECF No. 11 at 1.) On March 18, 2026, Petitioner filed an opposition. (ECF No. 12.)

On March 30, 2026, an immigration judge ordered Petitioner removed. (ECF No. 14-1.) The Court ordered supplemental briefing in light of the removal order. (ECF No. 13.) On May 26, 2026, Respondents filed a supplemental brief, and Petitioner filed a response on June 9, 2026. (ECF Nos. 14, 16.) On July 10, 2026, Respondents filed a status report. (ECF No. 17.)

## II.

## DISCUSSION

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). "Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a).

"Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States." Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022). "After the entry of a final order of removal against a noncitizen, the Government generally must secure the noncitizen's removal during a 90-day 'removal period.' § 1231(a)(1)(A). The statute provides that the Government 'shall' detain noncitizens during the statutory removal period. § 1231(a)(2)."[1] Id. at 578 (some internal quotation marks omitted). "In particular, § 1231(a)(6) provides that after a 90-day 'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." Id. "After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to

---

[1] "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (citing 8 U.S.C. § 1231(a)(1)(B)).

the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" Arteaga-Martinez, 596 U.S. at 578–79 (quoting 8 U.SC. § 1231(a)(6)).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court addressed a challenge to prolonged detention under § 1231(a)(6) by noncitizens who "had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." Prieto–Romero, 534 F.3d at 1062 (citing Zadvydas, 533 U.S. at 684–86). The Supreme Court "read an implicit limitation" into the statute "in light of the Constitution's demands," holding that § 1231(a)(6) does not authorize indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689.

> After [a presumptively reasonable] 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701. "In Zadvydas, the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond 'a period reasonably necessary to secure removal,' and it further held that six months is a presumptively reasonable period." Jennings v. Rodriguez, 583 U.S. 281, 298–99 (2018) (internal citations omitted).

Here, Petitioner's detention is governed by § 1231 because a removal order was issued on March 30, 2026, (ECF No. 14-1), Petitioner was given until July 9, 2026 to file an appeal, (ECF No. 17-1), and to date, no appeal has been filed. See Executive Office for Immigration Review, Automated Case Information System, https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 13, 2026). The removal period began on the "date the order of removal bec[ame]

administratively final"—that is, on July 9, 2026 "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time." 8 C.F.R. § 1241.1(c).

> "A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Thus, the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

Lopez v. Warden, California City Corr. Ctr., No. 1:26-cv-03343-JLT-EPG, 2026 WL 2274713, at *2 (E.D. Cal. Aug. 6, 2026). Accordingly, the undersigned recommends finding that the petition is moot. See Singh v. Warden, No. 1:26-cv-01242-DAD-JDP, 2026 WL 523191, at *2 (E.D. Cal. Feb. 25, 2026) ("It is unclear whether petitioner was subject to pre-removal custody under § 1225(b), § 1226(a), or § 1182. Nonetheless, that is of no moment here because he is now clearly subject to a final order of removal. This means that his claim has been rendered moot."). "If Petitioner is not removed within the 90-day removal period, and continued detention under § 1231(a)(6) becomes unreasonably prolonged and indefinite, Petitioner may file another habeas petition at that time. At this time, however, Petitioner is not entitled to relief." Inamzhon v. Warden of Golden State Annex, No. 1:25-cv-01059-SKO (HC), 2025 WL 3080525, at *3 (E.D. Cal. Nov. 4, 2025).

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED as moot; and

2. Respondents' motion to dismiss (ECF No. 11) be DENIED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

**FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 14, 2026**             /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE