# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OMAR PENA ALCAZAR,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-00876-JLT-EPG-HC

ORDER VACATING AUGUST 14, 2026 FINDINGS AND RECOMMENDATION

(ECF No. 18)

AMENDED FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY RESPONDENTS' MOTION TO DISMISS, DENY RESPONDENTS' MOTION TO LIFT NO-TRANSFER ORDER AS MOOT, AND DIRECT RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING

(ECF Nos. 1, 11, 22)

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On September 2, 2021, Petitioner applied for admission into the United States from Mexico at the San Ysidro port of entry and was issued a Notice to Appear, charging him under Immigration and Nationality Act ("INA") section 212(a)(7)(A)(i)(I). (ECF No. 11-2.) On March 26, 2022, Petitioner was arrested on allegations of domestic violence and child abuse. On October 19, 2022, he was convicted of false imprisonment under California Penal Code section 236. Petitioner successfully completed probation, which was formally terminated on October 15,

2025. (ECF No. 11-3; ECF No. 12 at 2.[1]) On May 9, 2025, Petitioner reported for a scheduled U.S. Immigration and Customs Enforcement ("ICE") office visit and was re-detained. (ECF No. 11-1 at 2.)

On February 2, 2026, Petitioner filed a petition for writ of habeas corpus raising a prolonged detention due process claim and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On February 6, 2026, the assigned district judge denied the motion for TRO as untimely, appointed counsel for Petitioner, and ordered that Respondents shall not remove Petitioner from the United States nor transfer him out of the district. (ECF No. 7.) On March 6, 2026, Respondents filed a motion to dismiss the petition because Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." (ECF No. 11 at 1.) On March 18, 2026, Petitioner filed an opposition. (ECF No. 12.)

On March 30, 2026, an immigration judge ordered Petitioner removed. (ECF No. 14-1.) The Court ordered supplemental briefing in light of the removal order. (ECF No. 13.) On May 26, 2026, Respondents filed a supplemental brief, and Petitioner filed a response on June 9, 2026. (ECF Nos. 14, 16.) On July 10, 2026, Respondents filed a status report, informing the Court that the Board of Immigration Appeals ("BIA") rejected Petitioner's appeal on June 24, 2026, provided fifteen days to cure the defect, and Petitioner had not perfected his appeal by July 9, 2026. (ECF No. 17.)

On August 14, 2026, the undersigned issued findings and recommendation to dismiss the petition as moot, finding that Petitioner was given until July 9, 2026 to file an appeal, no appeal had been filed, and thus, the detention authority had shifted to 8 U.S.C. § 1231. (ECF No. 18.) On August 28, 2026, Petitioner filed objections. (ECF No. 19.) On September 8, 2026, Respondents filed a motion to lift the no-transfer order. (ECF No. 22.) On September 9, 2026, Respondents filed a reply to Petitioner's objections. (ECF No. 23.)

On September 3, 2026, Petitioner filed a new notice of appeal and fee waiver with the BIA. (ECF No. 21.) On September 14, 2026, the BIA rejected Petitioner's appeal and provided fifteen days to cure the defect. (ECF No. 24.)

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

## II.

## DISCUSSION

In light of the additional information regarding Petitioner's process of filing an appeal of his removal order, the Court will vacate the August 14, 2026 findings and recommendation.

### A. Statutory Authority for Petitioner's Detention

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). "Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a).

"Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States." Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022). "After the entry of a final order of removal against a noncitizen, the Government generally must secure the noncitizen's removal during a 90-day 'removal period.' § 1231(a)(1)(A). The statute provides that the Government 'shall' detain noncitizens during the statutory removal period. § 1231(a)(2)." Id. at 578 (some internal quotation marks omitted). "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (citing 8 U.S.C. § 1231(a)(1)(B)).

Here, an IJ ordered Petitioner removed on March 30, 2026. (ECF No. 14-1.) Petitioner is in the process of filing an appeal of this removal order with the BIA. Petitioner's immigration attorney has declared in pertinent part:

\\\

Beginning in approximately April-May 2026, the Board adopted a de facto policy of denying fee waivers for detained individual under a generic assertion that the detainee "has sufficient funds to pay the required fee," even when the detainee has no income, no assets, and no access to funds.

Prior to this shift, fee waivers for detained individuals were routinely granted. Detained respondents are legally prohibited from

working and typically have no income. Even when the filing fee was $110.00, fee waivers were regularly approved.

In 2025, Congress enacted HRI ("One Big Beautiful Bill Act"), increasing the BIA appeal filing fee to $1,030.00. This amount is categorically beyond the reach of many detained individuals.

Since April-May 2026, the Board has repeatedly rejected fee-waiver requests for detained individuals, including Mr. Peña Alcazar, using identical boilerplate language. Each rejection triggers a 15-day cure period and tolls the appeal deadline under 8 C.F.R. § 1003.8(a)(3).

The Board then rejects the amended fee waiver again, repeating the cycle indefinitely. This practice has created a perpetual loop of filings, rejections, and cure periods, preventing detained individuals from perfecting their appeals and exposing them to removal without appellate review.

I currently represent approximately 32 detained individuals across five detention facilities: Golden State Annex, Adelanto ICE Processing Center, California City Correctional Facility, Central Valley Annex, and El Paso Montana. Of these, approximately nine (9) have pending BIA appeals. Every single one of these detained clients has had their fee waiver denied on the grounds of "sufficient funds," despite having no income, no assets, and no ability to pay a $1,030.00 filing fee. In about half these cases, the underlying immigration judge previously granted fee waivers to their applications.

Several of these clients are now on their fourth or fifth round of attempting to cure the fee waiver defect. None of them has the financial ability to pay the filing fee. In each case, my office did not charge a new retainer for the appeal, and no funds exist from which a filing fee could be paid.

In Mr. Peña Alcazar's case, I timely filed the Notice of Appeal and fee-waiver request on April 29, 2026, and it the fee waiver was rejected because he purported had a sufficiency of funds. Mr. Peña Alcazar has since refiled the Notice of Appeal and corresponding fee waiver six times, each time within the cure period. His next fee Notice of Appeal and fee waiver deadline is September 3, 2026, where absent he comes into funds, another fee waiver will be sought. Each filing was received by the Board and appears in the ECAS system as reflected in each corresponding rejection.

> The appeal deadline has been continuously tolled since April 29, 2026, and the removal order has never become administratively final under 8 C.F.R. § 1241.1 (c).
>
> . . .
>
> Mr. Peña Alcazar has never abandoned his appeal. I have refiled every time the Board has allowed a cure. Because the appeal deadline has been continuously tolled, the removal order has never become final, and detention has never shifted to 8 U.S.C. § 123l(a).

(ECF No. 19 at 12–13 (paragraph numbering omitted).)

"During the appeal period, Petitioner's order of removal is not final nor executable. 8 U.S.C. § 1231(a)(1)(B)(i) (removal period begins when order of removal is final); 8 C.F.R. §§ 1241.1(c) (order of removal is not final until the expiration of time for appeal) and 1003.8(a)(3) (tolling appeal period to cure filing fee)." Jose G.M.L. v. Warden of the Golden State Annex Det. Facility, No. 1:26-CV-00047-TLN-EFB, 2026 WL 1983412, at *2 (E.D. Cal. July 9, 2026). Given the "cycle of rejections and tolling periods" described by Petitioner's counsel, and the indication that Petitioner will "continue to refile his request for fee waiver, leading to contiguous tolling periods," the undersigned recommends finding that the removal period has not commenced and § 1231 is not applicable. Id. at *2 n.5.

Respondents previously asserted that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." (ECF No. 11 at 1.) Respondents' position has been rejected by the Ninth Circuit in Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). Accordingly, the undersigned recommends finding that § 1226(a) governs Petitioner's detention.

**B. Due Process**

Respondents assert that "Petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress," citing to DHS v. Thuraissigiam, 591 U.S. 103, 139 (2020). (ECF No. 11 at 2.) Respondents' position has been rejected by the Ninth Circuit in Padilla v. United States Immigr. & Customs Enf't, No. 24-2801, --- F.4th ----, 2026 WL 2822044 (9th Cir. Sept. 21, 2026), which held that "*Thuraissigiam* was an admission, not a detention, case" and "has no application" in immigration detention due

process challenges and "[n]oncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Clause." Id. at *19.

Additionally, Respondents' arguments have been rejected by this Court in numerous previous decisions where the Court found that a petitioner's re-detention without a pre-deprivation hearing after having previously been released from immigration detention violated due process. See, e.g., Garcia v. Chestnut, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); Aguilera v. Albarran, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); J.S.H.M v. Wofford, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808 (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the undersigned recommends granting the petition for writ of habeas corpus for the reasons addressed in those prior orders. The Court further recommends that a post-deprivation hearing is appropriate, and that "the burden at any such hearing [be placed] on the government to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight." J.E.H.G. v. Chestnut, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025) (citing Pinchi v. Noem, 792 F. Supp. 3d 1025, 2025 WL 2084921, at *7 (N.D. Cal. 2025)). See J.E.H.G., 2025 WL 3523108, at *14 ("[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk. Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention.").

**C. Motion to Lift No-Transfer Order**

Respondents have moved to lift the no-transfer order. (ECF No. 22.) As this findings and recommendation addresses the merits of the petition, the undersigned recommends denying

Respondent's motion as moot given that the matter will be fully resolved upon the district judge's review and the Court's prohibition against transfer will thus no longer be in effect.[2]

**III.**

**ORDER & RECOMMENDATION**

The August 14, 2026 findings and recommendation (ECF No. 18) is VACATED.

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED;
2. Respondents' motion to dismiss (ECF No. 11) be DENIED;
3. Respondents' motion to lift no-transfer order (ECF No. 22) be DENIED as moot; and
4. Respondents be directed to provide Petitioner with a bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), at which
   a. "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," Singh, 638 F.3d at 1203, and
   b. the immigration judge should consider Petitioner's financial circumstances or alternative conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file

[2] The Court notes, however, that "[d]uring the appeal period, Petitioner's order of removal is not final nor executable. 8 U.S.C. § 1231(a)(1)(B)(i) (removal period begins when order of removal is final); 8 C.F.R. §§ 1241.1(c) (order of removal is not final until the expiration of time for appeal) and 1003.8(a)(3) (tolling appeal period to cure filing fee)." Jose G.M.L., 2026 WL 1983412, at *2. As "Petitioner has provided sufficient evidence to prove he did not waive his right to appeal" and "his appeal period has been tolled by the Board of Immigration Appeals," it appears that "Respondents cannot lawfully execute Petitioner's order of removal[.]" Jose G.M.L., 2026 WL 1983412, at *1 n.2.

written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 16, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE