**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

OMAR PENA ALCAZAR,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-00876 JLT EPG (HC)

A-Number: 220-552-637

ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENTS' MOTION TO DISMISS, DENYING RESPONDENTS' MOTION TO LIFT NO-TRANSFER ORDER AS MOOT, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 11, 22, 25)

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 19, 2026,[1] the magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be granted, Respondents' motion to dismiss be denied, Respondents' motion to lift no-transfer order be denied as moot, and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 25.) On November 2, 2026, Respondents filed timely objections. (Doc. 26.)

/////

[1] The findings and recommendations were signed on October 16, 2026, but not docketed until October 19, 2026.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The amended findings and recommendations issued on October 19, 2026 (Doc. 25) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondents' motion to dismiss (Doc. 11) is **DENIED**.
4. Respondents' motion to lift no-transfer order (Doc. 22) is **DENIED** as moot.
5. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge **SHALL** consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
6. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
7. Respondents **SHALL** provide a copy of this order to the immigration judge. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.
8. The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.

9. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _November 3, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE